CHARLES MURPHY and Another, on Behalf of Themselves and All Other Stockholders of WELLS & NEWTON Co., INC., Similarly Situated, Plaintiffs, *v.* WELLS & NEWTON Co., INC., and Others, Defendants.

Supreme Court, Bronx County, July 15, 1932.

*Louis Susman,* for the plaintiffs.

*Michael J. Horan,* for the defendants.

CALLAHAN, J.   Plaintiffs sue as stockholders to compel defendants to make restitution to the corporation Wells & Newton Co., Inc., of moneys allegedly improperly withdrawn by or credited to the individual defendants.   Plaintiff Charles Murphy was vice-president and treasurer of the company.   Defendant Fee was its president, and Boyland its secretary.   All individual parties were directors. With the exception of a very small amount held by outsiders the stock was held by these officers or their wives.   The principal sums in dispute were (1) salaries voted Fee and Boylan and credited or paid them; (2) sums withdrawn by Fee allegedly in repayment of moneys expended by him for the company and claimed by plaintiffs to be excessive or fictitious.   In the latter category there were two classes of items, (a) moneys withdrawn by Fee as alleged expenses in connection with various plumbing jobs, and (b) an item paid for the use of Fee's automobile charged by him many

years after the alleged debt was incurred. Plaintiff Charles Murphy signed all checks for withdrawals including some items in dispute. He explains his alleged ignorance of the items by stating that he frequently signed checks in blank. In addition, however, he had access to the books on which these items were carried and in fact handed in " Treasurer's reports " in which some of the items were mentioned. The salary items were carried in income tax returns which he signed. These documents he says were drawn by accountants and bookkeepers and not called especially to his attention. He insists that he knew nothing of the items until recently. These items were large enough to attract the notice of any vigilant officer and it would seem more probable that the true explanation of the delayed complaint concerning them was not Murphy's lack of knowledge thereof but the fact that, since their withdrawal, disagreement has arisen between himself and Fee over company affairs. However, Murphy's knowledge of the withdrawal of these sums, if it did exist, would not bar this action for restitution.

The testimony disclosed that this company was regularly disbursing moneys to outsiders in the nature of gratuities but under the guise of commissions in payment for business secured by the company. These payments were made by Murphy even more frequently than by Fee. It is not necessary to determine whether these payments were in violation of law as no cross-action is brought against Murphy nor are any such items directly involved in plaintiff's claim. The payment of them, however, with Fee's knowledge, casts some suspicions on the latter's credibility and his explanation of the disbursements claimed by him in connection with two of the principal jobs in dispute, the alteration to Sing Sing Prison and the New York County Court House job. However, there is no proof that Fee did not make these disbursements as claimed by him in connection with those jobs and I accordingly find that the sums were expended for corporate purposes and there is insufficient proof to require their repayment. Fee's explanation of the item of automobile hire is far less convincing than that of the other expenses. No doubt his automobile was used by him and other employees of the company for corporate business, but to attempt to assert a claim therefor against the company many years after at least part of it matured and to direct a credit or payment to himself for the sum he fixed as the value of the use of it smacks of bad faith. It is not the sort of claim that one occupying the position of trust that an officer and director occupy should determine in his own favor. I find he never advised his fellow-directors of its allowance. It was a breach of trust to have credited such sum in this fashion and should be surcharged.

The dispute concerning the increased salaries voted Fee and Boylan involve a consideration of the circumstances under which the alleged resolution validating them was alleged to have been passed and the form of the resolution. The circumstances convince me that the resolution was not in fact adopted at the meeting claimed by Fee. The increase in salaries was primarily asserted for the reduction of income taxes. It was probably not conceived until the question of the amount of such taxes came up in the spring of the year following and then postdated. Its form was obscure and I find that if it was ever adopted at any meeting it was not passed under circumstances which would advise the other directors of an intention to use it to increase salaries.

I, therefore, find that as to the expenses for automobile hire and the increase in salaries plaintiffs are entitled to judgment directing the restoration or deduction of said sums.

Let decision and findings be settled accordingly.